**Shu-shia SANBORN, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,
Respondent.**

No. 02–3007.

United States Court of Appeals,
Federal Circuit.

May 14, 2002.

Before NEWMAN, DYK, and PROST, Circuit Judges.

PER CURIAM.

Shu-shia Sanborn petitions for review of the decision of the Merit Systems Protection Board, Docket No. NY844E000291–I–1, affirming the reconsideration decision of the Office of Personnel Management that she is not entitled to disability retirement benefits under the Federal Employees' Retirement System (FERS). We *affirm* the decision of the Board.

BACKGROUND

Ms. Sanborn was a part time Bulk Mail Clerk employed by the United States Postal Service from 1985 until the Service placed her on non-duty status when she stopped coming to work in May 1999. In November 1999 Ms. Sanborn applied for disability retirement. She stated that difficulties with her supervisor had led to serious physical and psychiatric illness, in-

cluding post traumatic stress disorder, which rendered her unable to work. She complained that the supervisor discriminated against her based on her age, sex, and race; and retaliated against her for previous EEOC complaints she had filed against him. She submitted reports by her psychiatrist listing her symptoms and presenting a diagnosis of post traumatic stress disorder. The psychiatrist opined that her illness was due to stress on her job and that as a result she was unable to work and should be granted a disability pension.

OPM denied the application, based on the totality of the medical reports. These included the reports from Ms. Sanborn's psychiatrist, reports of mental health professionals she had consulted during her employment, and reports of a physician and a psychiatrist to whom the Postal Service sent her for examination.

OPM reaffirmed its decision on reconsideration and Ms. Sanborn appealed to the Board. The Board affirmed the decision, concluding that Ms. Sanborn had not met her burden of proving "that she is unable to perform useful and efficient service." This appeal followed.

## DISCUSSION

Ms. Sanborn alleges that the Board made several errors, including failure to find that her physical and mental ailments are job-related. She asserts the Board erred in relying too heavily on the report of the physician to whom the Postal Service sent her because he is not a psychiatrist, and crediting the testimony of her supervisor that she was offered, but refused, a reassignment. All of Ms. Sanborn's allegations of error involve factual determinations underlying the Board's conclusion that she is not disabled.

There are strict limits on the extent to which this court may review the factual determinations that underlie disability determinations. In *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985), the Supreme Court held that "while the factual underpinnings of § 8347 disability determinations may not be judicially reviewed, such review is available to determine whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error "going to the heart of the administrative determination." ' " *Id.* at 791, 105 S.Ct. 1620 (quoting *Scroggins v. United States*, 184 Ct.Cl. 530, 397 F.2d 295, 297 (Ct.Cl.1968)). While *Lindahl* was decided under the Civil Service Retirement Act, this standard applies equally to FERS disability cases. *See Anthony v. Office of Personnel Management*, 58 F.3d 620, 626 (Fed.Cir.1995) ("[T]his court is precluded by 5 U.S.C. § 8461(d) from reviewing the factual underpinnings of physical disability determinations, but may address whether there has been a 'substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error "going to the heart of the administrative determination." ' ") (quoting *Lindahl*).

Ms. Sanborn's allegations relate solely to factual errors asserted to have been made by OPM and the Board in evaluating the extent of her disability. As such, they are not within the permissible scope of review set forth in *Lindahl* and ensuing precedent. For this reason, the decision of the Board is affirmed.

No costs.